# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **B.T.-1, B.T-2, and A.T.**

**No. 19-0790** (Marion County 17-JA-103, 17-JA-104, and 17-JA-114)

**FILED**
**April 28, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father W.T., by counsel Scott A. Shough, appeals the Circuit Court of Marion County's July 24, 2019, order terminating his parental and custodial rights to B.T.-1, B.T.-2, and A.T.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Heidi M. Georgi Sturm, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for a post-dispositional improvement period and in terminating his parental and custodial rights instead of imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following the filing of a child abuse and neglect petition in July of 2017, the circuit court held a contested adjudicatory hearing in August of 2017. The DHHR presented evidence that petitioner and the mother engaged in a heroin transaction at a local Burger King with the children present and a loaded firearm in their vehicle. The mother was pregnant with A.T. Petitioner was arrested on charges related to the drug transaction as well as being a prohibited person in possession of a firearm. Further, the DHHR presented testimony that petitioner tested positive for

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children share the same initials, we refer to them throughout this memorandum decision as B.T.-1 and B.T.-2, respectively. Finally, we note petitioner's counsel prefaced the brief on appeal in accordance with Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure.

multiple illicit substances and admitted to using heroin. Petitioner presented no evidence. Ultimately, the circuit court adjudicated petitioner as an abusing parent.[2]

The circuit court granted petitioner a post-adjudicatory improvement period in November of 2017. The DHHR required petitioner to participate in adult life skills classes, individualized parenting classes, supervised visitations, and random drug screening. Petitioner initially participated in these services, but continued to test positive for illicit substances. Then, in December of 2017, petitioner was incarcerated in Indiana on unrelated criminal charges and ceased participation in services.[3] The mother continued to participate with services and was granted additional time to comply with services.

Petitioner's final dispositional hearing was continued several times and ultimately held in June of 2019. Petitioner moved for a post-dispositional improvement period, to which the DHHR objected and moved to terminate petitioner's parental rights. The DHHR presented evidence that, prior to incarceration, petitioner continued to abuse controlled substances. Since his release on parole, petitioner had not provided any drug screening results to the DHHR. He testified that he produced negative drug screens in Indiana following his release on parole, but did not provide any supporting documentation. Likewise, petitioner testified that he participated in two parenting classes and one substance abuse class while incarcerated, but did not provide documentation to support that testimony. The evidence also showed that petitioner was bound to remain in Indiana for his parole unless he requested a transfer of supervision to West Virginia and paid certain associated fees. As of the dispositional hearing, petitioner's case had not been transferred to West Virginia and, therefore, he could not participate in the services required by the DHHR. Based on this evidence, the circuit court concluded that petitioner was unable or unwilling to remedy the conditions that gave rise to the petition. The court also concluded that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect because he failed to comply with the conditions of his improvement period and failed to avail himself of services following his release from incarceration. Ultimately, the circuit court terminated petitioner's parental and custodial rights and granted post-termination visitation by its July 24, 2019, order. Petitioner now appeals this order.[4]

The Court has previously held:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the

---

[2]A.T. was born drug-exposed in September of 2017. Later in September of 2017, the DHHR amended the petition to include this child as a respondent. The circuit court adjudicated petitioner as an abusing parent of this child in October of 2017.

[3]Petitioner was paroled in May of 2019.

[4]The mother's parental and custodial rights were also terminated below. The circuit court ordered the separation of the siblings, and, according to the parties, the permanency plan for the children is adoption in their relative foster placements with continued sibling visitation.

evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying his motion for a post-dispositional improvement period because, during such an improvement period, he would have demonstrated whether "he was in fact maintain[ing] his sobriety[] and rebuilding his relationship with his children."

Petitioner's arguments on appeal ignore the statute governing post-dispositional improvement periods, which provides that a circuit court may grant an improvement period when "the [parent] demonstrates, by clear and convincing evidence, that [he] is likely to fully participate in the improvement period." W. Va. Code § 49-4-610(3)(B). Further, because petitioner was granted a post-adjudicatory improvement period, he must demonstrate "a substantial change in circumstances" and "that due to that change in circumstances, [petitioner was] likely to fully participate in the [post-dispositional] improvement period." *Id*. § 49-4-610(3)(D). Because petitioner failed to demonstrate that he was likely to fully participate in an additional improvement period, the circuit court did not abuse its discretion in denying his motion. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period.").

It is undisputed that petitioner failed to remedy the conditions of abuse and neglect during his post-adjudicatory improvement period. During the short time petitioner participated in services prior to his incarceration, he continued to abuse controlled substances as evidenced by multiple positive drug screens. Further, petitioner did not complete the classes recommended by the DHHR. Petitioner's failure to complete these terms during his first improvement period is strong evidence that he was unlikely to fully participate in and complete the terms of an additional improvement period. Moreover, although petitioner does not argue that his release from incarceration was a substantial change in circumstances, it does not appear from the evidence that he was more likely to participate in an improvement period after his parole. Petitioner was required to remain in Indiana and, although he knew he could have his supervision transferred to West Virginia, he failed to do so. As a result, petitioner could not participate in the services recommended by the DHHR. Further, at the dispositional hearing, petitioner stressed that he ceased his substance abuse, but presented no other supporting evidence than his own self-serving testimony. The circuit court was required to determine the credibility of petitioner's testimony, and "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such

determinations." *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997). Based on the foregoing reasoning, we find no abuse of discretion in the circuit court's denial of petitioner's motion for a post-dispositional improvement period.

This evidence also supports the circuit court's termination of petitioner's parental and custodial rights. West Virginia Code § 49-4-604(b)(6) provides that a circuit court may terminate a parent's parental and custodial rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. A circuit court may find that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected" when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child." W. Va. Code § 49-4-604(c)(3). Here, the circuit court found that petitioner failed to comply with the conditions of his improvement period and failed to avail himself of services following his release from incarceration. On appeal, petitioner does not challenge these findings, but argues, instead, that a post-dispositional improvement period was warranted to essentially wait and see if he would participate in services. However, such an approach was not in the best interests of these children, now aged seven, five, and two, respectively. We have held that

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4. The evidence below established that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected due to petitioner's initial noncompliance with his case plan and his later inability to comply with additional services. We have also held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Accordingly, as the circuit court's found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected and that termination was necessary for the children's welfare, we find no error in the circuit court's termination of petitioner's parental and custodial rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 24, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**:  April 28, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison